

**VU.S.A. LAW OFFICES, APC**
**MICHAEL CHINH VU**, SBN 178148
142 EAST MISSION STREET
SAN JOSE, CA 95112
TELEPHONE: (408) 288-7400
FACSIMILE: (408) 288-7798
EMAIL: MICHAELVU@VUSALAW.COM

**Attorney for Defendant**
**ANTHONY NGUYEN**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>**ANTHONY NGUYEN,**<br><br>            Debtor.<br><br>**JASON BARNES,**<br><br>            Plaintiff<br>Versus<br><br>**ANTHONY NGUYEN,**<br>            Defendant | **CASE NO. 17-51644-MEH**<br>**Chapter 7**<br>**Judge: M. Elaine Hammond**<br><br><br>**Adversary No. 18-05013**<br><br><br>DEFENDANT ANTHONY NGUYEN'S<br>ANSWER TO COMPLAINT |

    Defendant ANTHONY NGUYEN, hereinafter referred to as "Defendant", through and by his attorney of record Michael Chinh Vu for VU.S.A. LAW OFFICES, APC, hereby answers to the Complaint in Adversary Proceeding ("Complaint") as follows:

    1.    This Answering Defendant admits the allegations in Paragraphs 1, 2, 3, 4, 6,

2. This Answering Defendant lacks sufficient information and belief and therefore denies the allegations contained in Paragraphs 5, 7, 8, 9, 10, 11, 12, 13, 21, 22, 23, of the Complaint.

3. This Answering Defendant denies the allegations in Paragraphs 14, 15, 16, 17, 18, 19, 20, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204 of the Complaint.

**WHEREFORE**, This Answering Defendant prays that Plaintiff recovers nothing from Defendant, that Plaintiff's claim against this Answering Defendant is deemed dischargeable, and that this complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against the Answering Defendant.

2. As a second affirmative defense, Plaintiff has failed to mitigate its damages, if any, and accordingly, is not entitled to the relief sought in the Complaint.

3. As a third affirmative defense, Defendant alleges that Plaintiffs are not entitled to the relief requested on the grounds that Plaintiff acted and reacted to the matters alleged in their Complaint with unclean hands.

4. As a fourth affirmative defense, this answering Defendant alleges that any loss alleged by Plaintiff is the result of incompetence and active negligence on its own part, or the part of others, and not on any conduct on the part of this answering Defendant; further, any wrongful or negligent actions on the part of this answering Defendant, if any thereby, was passive and not active.

5. As a fifth affirmative defense, this answering Defendant alleges that Plaintiff acted with foreknowledge of all facts and circumstances surrounding the events it alleged as to having given rise to the cause of action asserted against this answering Defendant, and thus they assumed any and all risks of damages, if any there were.

6. As a sixth affirmative defense, this answering Defendant alleges that Plaintiff cannot recover any of the damages alleged against this answering Defendant because such alleged damages are speculative and uncertain in nature.

7. As a seventh affirmative defense, Defendant is informed and believes, and on that basis alleges, that the Plaintiff has unreasonably delayed in bringing the objection to the discharge of debtor, and that such delays have substantially prejudiced this Defendant, thus barring this action under the doctrine of laches.

8. As an eighth affirmative defense, this Answering Defendant alleges that Plaintiff's allegations of fraud as to this Answering Defendant were factually and legally baseless, and that Plaintiff has no sufficient evidence to sustain or support such allegations.

9. As a ninth affirmative defense, this Answering Defendant alleges that Plaintiff's allegations of grounds for non-dischargeability as to this Answering Defendant were

factually and legally baseless, and that Plaintiff has no sufficient evidence to sustain or support such allegations.

10. As a tenth affirmative defense, this Answering Defendant alleges that Plaintiff's allegations of grounds for preferential or fraudulent transfer as to this Answering Defendant were factually and legally baseless, and that Plaintiff has no sufficient evidence to sustain or support such allegations.

11. As an eleventh affirmative defense, this Answering Defendant alleges that Plaintiff's complaint contains causes of action that are unrelated to non-dischargeability or preferential or fraudulent transfer, and these causes of actions should be dismissed.

Respectfully submitted,

**VU.S.A. LAW OFFICES, APC**

DATED: May 02, 2018

/s/ Michael Chinh Vu
MICHAEL CHINH VU
Attorney for Defendant ANTHONY NGUYEN