

**VU.S.A. LAW OFFICES, APC**
**MICHAEL CHINH VU**, SBN 178148
142 EAST MISSION STREET
SAN JOSE, CA 95112
TELEPHONE: (408) 288-7400
FACSIMILE: (408) 288-7798
EMAIL: MICHAELVU@VUSALAW.COM

**Attorney for Defendant**
**ANTHONY HOAN CAO NGUYEN**

IN THE UNITED STATES DISTRICT COURT

IN THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re the Matter of | ) Case No. 17-51644-MEH |
| | ) Chapter 7 |
| | ) Judge: M. Elaine Hammond |
| **ANTHONY HOAN CAO NGUYEN,** | ) |
| Debtor | ) |
| | ) |
| | ) **Adversary Proceeding No. 18-05013** |
| **JASON BARNES,** | ) |
| Plaintiff | ) |
| | ) **JOINT STATUS REPORT** |
| Versus | ) |
| | ) |
| | ) |
| **ANTHONY HOAN CAO NGUYEN,** | ) |
| Defendant | ) |

    THIS JOINT STATUS REPORT is submitted by Plaintiff JASON BARNES, party in propria persona, and Debtor/Defendant ANTHONY HOAN CAO NGUYEN, through and by his attorney Michael Chinh Vu for VU.S.A. LAW OFFICES, APC, as follows:

A.    <u>THE NATURE OF THE CASE</u>

    Plaintiff: Plaintiff loaned Defendant a total of $135,000.00 so that Defendant could expand his

Joint Status Conference Statement      Page 1

Case: 18-05013   Doc# 13   Filed: 05/25/18   Entered: 05/25/18 11:40:42   Page 1 of 5

on-line business to a storefront. Defendant did not use the money for the stated purpose, and never intended to. Defendant represented to the Plaintiff he would make installment payments on the $135,000 and interest, but he never intended to do so and failed to do so. Defendant made other promises to get Plaintiff to make the loans, and those promises were never kept. In the context of Plaintiff's state civil case against, Defendant, Defendant's attorney admitted that Defendant owed the money, and Defendant himself entered into a settlement agreement agreeing to pay the money back. But Defendant entered into the agreement simply to buy time and not to resolve this case; Defendant then filed for bankruptcy. Plaintiff filed this adversary proceeding to seek judicial determination whether the $135,000.00 debt owed to Plaintiff is dischargeable.

Defendant: This case concerns loan two private loans totaling $135,000 from Plaintiff to Defendant, in which Defendant used the money to invest in a business that failed and lost all of the investment. Plaintiff claims that Defendant did not use the money for investment purposes as claimed. Defendant filed for bankruptcy protection, and Plaintiff filed this adversary proceeding to seek judicial determination whether the $135,000 debt owed to Plaintiff is dischargeable.

B. PROGRESS IN THE SERVICE OF PROCESS

Defendant: All interested parties have been served or notified.

Plaintiff: Agreed.

C. POSSIBLE JOINDER OF ADDITIONAL PARTIES

Defendant: None

Plaintiff: Defendant's former wife Jamie Macias a debtor party to the $135,000 loan. Plaintiff has filed an adversary action against her and believes the cases are intertwined and requests that the Judge treat the cases as related and consolidate them. Ms. Macias' case is already assigned to the Judge.

D. ANY EXPECTED OR DESIRED AMENDMENT OF PLEADINGS

Defendant: None

Plaintiff: An amendment of the complaint may be appropriate given Jamie Macias' related case.

E. JURISDICTION AND VENUE

Defendant: Jurisdiction and venue are proper.

Plaintiff: Agreed.

F. ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY

1. **DISCOVERY SUBJECTS, COMPLETION, PHASES**:

Defendant: Defendant seeks discovery concerning Plaintiff's evidence related to (a) fraud (b) conversion; (3) fraudulent transfer that Plaintiff relies upon to claim that the $135,000 debt is non-dischargeable. Defendant believes that all of his discovery can be completed within 10 months. Defendant does not believe that any phases are necessary.

Plaintiff: Plaintiff's discovery will uncover evidence related to (a) fraud; (b) conversion; (c) fraudulent transfer and other facts that render the $135,000 debt is non-dischargeable.

Prior to Defendant and Ms. Macias' bankruptcy filings (and their divorce), Plaintiff sued them in state court based on their failure to make any interest or principal payments on the $135,000. In that context Plaintiff sent out discovery requests and received documents and responses to interrogatories that were unverified.

Defendant's counsel in this case has refused Plaintiff's requests that Defendant provide verifications to his state discovery responses. Defendant's counsel has refused to have his client authenticate the vast document production his client produced in the state case.

Defendant is thus wasting the Court and Plaintiff's time.

2. **LIMITATIONS OR CHANGES**:

Defendant: Defendant does not anticipate the need for any changes in the limitations imposed by the US Bankruptcy Rules or the Local Rules.

Plaintiff: Limitations or changes to the rules of discovery are not needed.

3. **DISCLOSURE OF EXPERT WITNESSES**:

Defendant: To be completed within 90 days of trial.

Plaintiff: Agreed.

4. **PROPOSED DATES FOR DISCOVERY CUT-OFF**

Defendant: To be completed within 60 days of trial.

Plaintiff: Agreed.

G. ANTICIPATED MOTIONS AND THE SCHEDULING OF MOTIONS

Defendant: To be completed within 60 days of trial. Discovery period to be 10 months.

Plaintiff: Plaintiff anticipates a host of motions may be needed. This is especially if Defendant continues to refuse to confirm the truth of discovery responses Defendant sent out but did not submit verifications for in Plaintiff's state case against Defendant. Moreover, Defendant may refuse to authenticate the myriad of documents he produced to Plaintiff in this state case.

Plaintiff may also need to file a motion regarding the admissibility of Defendant's criminal federal felony conviction that occurred in 2007 and had a connected probation that lasted until 2010. Other aspects of the case may be ripe for declaration rulings and/or a summary judgment motion.

H. FUTURE PROCEEDINGS

Defendant:

| | |
|---|---|
| Discovery Cutoff: | January 31, 2019 |
| Expert Discovery Cutoff: | |
| Disclosure: | February 28, 2019 |
| Deposition: | March 15, 2019 |
| Law and Motion Hearing Cutoff: | January 31, 2018 |
| Pre-Trial Conference: | Within 60 days of trial |
| Trial: | April 15, 2019 |

Creditor:

| | |
|---|---|
| Discovery Cutoff: | Same as above |
| Expert Discovery Cutoff: | Same as above |
| Disclosure: | Same as above |
| Depos: | Same as above |
| Law and Motion Hearing Cutoff: | Same as above |
| Pretrial Conference: | Same as above |
| Trial: | Same as above |

I. APPROPRIATENESS OF SPECIAL PROCEDURES

Defendant: Defendant will stipulate to the VDRP program.

Plaintiff: Agreed.

J. ESTIMATE OF TRIAL TIME

Defendant: Three days for a Court trial; four days for a jury trial.

Plaintiff: Agreed.

K. MODIFICATION OF STANDARD PRE-TRIAL PROCEDURES

Defendant: None.

Plaintiff: Agreed.

L. RELATED CASES

Defendant: None.

Plaintiff: Jamie Macias (Defendant's ex-wife_ has filed for bankruptcy petition and Plaintiff has filed an adversary proceeding against her. Viktoria Le, mentioned in Defendant's initial disclosure, may have been a business partner of Defendant, and has filed a bankruptcy petition.

M. WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULE

Defendant: An early settlement conference should be scheduled.

Plaintiff: Agreed.

N. OTHER MATTERS

Defendant: this matter should be referred to the VDRP program.

Plaintiff: None at this time.

Dated: May 25, 2018

/s/ Jason Barnes
JASON BARNES
Plaintiff in Propria Persona

**VU.S.A. LAW OFFICES, APC.**

Dated: May 25, 2018

MICHAEL CHINH VU
Attorney for Defendant
ANTHONY HOAN CAO NGUYEN