Barnes,
    Plaintiff

Adv. Proc. No. 18-05013-MEH

Nguyen,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0971-5     User: rrombawa     Page 1 of 1     Date Rcvd: Aug 27, 2018
                        Form ID: pdfeoapc    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 29, 2018.
pla          +Jason Barnes,    2706 Benton St.,    Santa Clara, CA 95051-4810

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                      TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 29, 2018                                            Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 27, 2018 at the address(es) listed below:
         Michael Chinh Vu    on behalf of Defendant Anthony   Nguyen michaelvu@vusalaw.com
                                                                                                                                                           TOTAL: 1



The following constitutes
the order of the court. Signed August 27, 2018

_M. Elaine Hammond_

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Anthony Cao Hoan Nguyen,<br><br><br><br>                                  Debtor. | Case No. 17-51644 MEH<br><br>Chapter 7 |
| Jason Barnes,<br><br>                                  Plaintiff.<br><br>v.<br><br>Anthony Nguyen,<br><br>                                  Defendant. | Adv. No. 18-5013<br><br><br><br><br><br>Date:   August 27, 2018<br>Time:   10:00 a.m.<br>Ctrm:   3020 (San Jose) |

## PRETRIAL CONFERENCE ORDER AND TRIAL SCHEDULING ORDER

On August 27, 2018, the court held a status conference in the above-captioned matter. Appearances were as noted on the record.

Upon due consideration, the court hereby establishes the following schedule:

1

| | |
|---|---|
| Fact and Expert Discovery Cut-off: | November 30, 2018 |
| Last day to hear Discovery Motion(s): | December 13, 2018 |
| Last day to hear Summary Judgment Motion(s): | December 20, 2018 |
| Parties' Pre-Trial Meet and Confer by: | December 28, 2018 |
| Exchange Exhibits and Witness List by: | December 28, 2018 |
| File Joint Pre-Trial Conference Statement by: | January 4, 2019 |
| Pre-Trial Conference: | January 9, 2019 at 2:00 p.m. |
| Lodge Exhibits and Witness Lists with Court: | January 18, 2019 |
| File and Serve Trial Brief: | January 18, 2019 |
| Trial Date: | January 23, 2019 at 9:00 a.m. |

**Parties who are acting as their own lawyers (e.g. unrepresented parties) are bound by the terms of this order just as lawyers would be, and they will be treated as "counsel" below.**

1. **DISCOVERY**

Counsel shall comply with the deadlines established above.[1] Notwithstanding Civil Local Rule (C.L.R.) 37-3, as incorporated by Bankruptcy Local Rule (B.L.R.) 1001-2, all discovery motions must be heard by the close of discovery. Counsel should carefully review C.L.R. 37-1, which requires a meaningful "meet and confer" before asking for court assistance. Counsel should be familiar with the filing and timing requirements for motions under B.L.R. 7007-1.

---

[1] The deadlines set forth above supersede the deadlines set forth in Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026.

All depositions shall be concluded by the discovery cut-off date. All discovery requiring a written response shall be served in time for the response to be due prior to the discovery cut-off date.

Any motions to extend the discovery cut-off date must be heard on or before the cut-off date. Motions to compel discovery may be heard after the cut-off date, but must be filed and served within ten days after the cut-off date.

**2.     MOTIONS FOR SUMMARY JUDGMENT**

Counsel should be familiar with the filing and timing requirements for motions under B.L.R. 7007-1. No separate statement of undisputed facts is required under the Federal Rules or Bankruptcy Local Rules.

**3.     PARTIES' PRE-TRIAL MEET AND CONFER**

Counsel shall meet and confer (in person, or by telephone, and not solely by email) to discuss the conduct of the trial in this matter by the deadline established above. At the conclusion of their meeting, counsel shall prepare a Joint Pre-Trial Conference Statement, which includes <u>concise</u> and <u>specific</u> responses to <u>each of the following matters</u>:

  A. <u>The following facts are admitted and require no proof</u>
  B. <u>The following issues of fact, and no others, remain to be litigated</u>
  C. <u>The following issues of law, and no others, remain to be litigated</u>
  D. <u>The appropriate measure of damages is</u>
  E. <u>The parties have exchanged lists of witnesses to be called at trial</u>
  F. <u>The parties have exchanged all other non-testimonial evidence to be used at trial, including documents, expert reports, physical evidence</u>
  G. <u>The parties have stipulated to the admission of the following documents for all purposes</u>

H. <u>The parties have objections to the following documents (including the general nature of the objection)</u>

I. <u>Other matters that might affect the trial</u> (Set forth additional matters, such as anticipated motions in limine, special scheduling of witnesses, objections to proposed testimony, etc.)

If the parties do not agree on a joint response to any of the above, they should set forth each side's position clearly and concisely.

Counsel need not disclose evidence that will be presented as impeachment of any witness. Counsel should be clear that impeachment is a fairly narrow category of evidence.

**4.    JOINT PRE-TRIAL CONFERENCE STATEMENT**

Counsel shall file a Joint Pre-Trial Conference Statement by the deadline set forth above. The statement shall include the following elements:

A. Responses to all matters addressed in Paragraph 1, above;

B. Each party's List of Exhibits to be Offered at Trial; and

C. Each party's List of Witnesses to be Offered at Trial.

<u>Witnesses and exhibits omitted on these lists will be excluded.</u>

The operative pleadings (complaint and answer) will be deemed superseded by the parties' Pre-Trial Conference Statement.

**5.    THE COURT'S EXPECTATIONS REGARDING PARTIES' PRE-TRIAL MEET AND CONFER AND PRE-TRIAL CONFERENCE STATEMENT**

Proper preparation for trial, including appropriate participation in the pre-trial process, makes for better trials and better results. Counsel must participate meaningfully in the Parties' Pre-Trial Meet and Confer.

4

Plaintiff(s)' counsel shall have the obligation of setting up the Parties' Pre-Trial Meet and Confer and drafting the initial Joint Pre-Trial Conference Statement. Defendant(s)' counsel shall be available for the Parties' Pre-Trial Meet and Confer, and shall review the Joint Pre-Trial Conference Statement promptly and shall supply comments as necessary. Plaintiff(s)' counsel shall file the completed document on time and in a satisfactory state.

<u>If counsel fail to cooperate with each other in conducting the Parties' Pre-Trial Meet and Confer, or in preparing the Pre-Trial Conference Statement, they and the parties should expect the court will assess sanctions set out below on fault.</u>

**6.  PRE-TRIAL CONFERENCE**

A Pre-Trial Conference will be held at the date and time indicated above in Courtroom 3020, 280 South First Street, San Jose, CA.

<u>Trial counsel shall appear in person.</u>

The court will discuss in detail the matters set forth in the Joint Pre-Trial Conference Statement. The court will focus in particular on the order of proof, matters of fact and law over which there is no argument, and stipulations as to witness and exhibit admissibility.

**7.  TRIAL EXHIBITS**

By the date set forth above, counsel for each party shall submit two copies of all exhibits identified in the Exhibit List (See § 4) to the court. The parties shall bring sufficient copies of exhibits for all counsel, the witness, and the court.

Each copy of each exhibit shall be pre-marked by the proponent prior to trial. Plaintiff's exhibits shall be numbered with an identifying initial, and defendant's exhibits shall be lettered. The parties may stipulate to use joint exhibits and to the manner in which they will be designated. Exhibit stickers may be obtained from the courtroom deputy.

5

Case: 18-05013    Doc# 20    Filed: 08/29/18    Entered: 08/29/18 21:24:44    Page 6 of 9

If any party expects to offer more than ten exhibits, such party must place them in a three-ring binder with a tab for each exhibit.

At the commencement of trial, the parties shall be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose and as to which there is no dispute as to authenticity or the ability of the opposing party to lay a foundation.

**8.    TRIAL BRIEFS**

By the date set forth above, each party must, (1) serve and file a trial brief (providing chambers copies if the trial brief exceeds 10 pages), which brief shall include (a) a discussion of the elements of each cause of action, including citation to controlling authority, and (b) a discussion of the legal basis and calculation for each type of damage requested in the complaint. Trial briefs shall not exceed fifteen (15) pages without prior permission of the court.

**9.    TRIAL DATE**

Trial will commence at the date and time noted above, at Courtroom 3020, 280 South First Street, San Jose, CA.

Seven calendar days before the trial date counsel shall inform the courtroom deputy (Anna Rosales at 408-278-7581) whether the parties have settled.

**10.    WITNESSES**

<u>Unavailability</u>

Counsel must take appropriate steps to ensure witnesses are available for trial. If necessary, witnesses must be subpoenaed. Unrepresented parties must obtain subpoenas in advance from the Clerk's Office and ensure they are served on witnesses in a timely way.

<u>Form of Testimony</u>

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

6

Any party may, as to any witness, present the direct examination testimony of such witness by filing and serving a declaration under penalty of perjury signed by the witness, if (a) such declaration is filed and served at least three (3) business days prior to the trial, and (b) the witness is present in court for cross-examination on the day of trial. This paragraph does not preclude either party from calling any witness for direct examination by means of live testimony.

**11. FAILURE TO COMPLY WITH OBLIGATIONS UNDER THIS PRE-TRIAL CONFERENCE ORDER**

The court takes trial seriously and expects counsel to do the same.

<u>Continuances</u>

Counsel should be aware that the court will not grant continuances of trial dates absent compelling circumstances beyond the parties' or counsel's control. The unavailability of parties, counsel, experts, or other necessary individuals will not constitute cause to continue a trial. Stipulations to continue a trial do not bind the court.

Failure to comply with pre-trial requirements – including failing to file exhibits, witness lists, and trial briefs – will not result in a trial being reset, but will result in appropriate sanctions, as below.

<u>Failure to Participate in Pre-Trial Process and to Complete Required Filings</u>

Depending on fault and circumstances, the court may (1) enter judgment against the offending party; (2) exclude evidence; (3) impose sanctions against a party; (4) impose sanctions against counsel; (5) dismiss a matter or proceeding; or (6) enter any other order or sanction permitted by law.

***END OF ORDER***

7

## COURT SERVICE LIST

**Jason Barnes**
2706 Benton St.
Santa Clara, CA 95051

**Via ECF:**

All ECF Recipients