JOE ANGELO (BAR # 268542)
SCOTT M. JOHNSON (BAR # 287182)
SAGARIA LAW, P.C.
3017 Douglas Boulevard, Suite 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorney for Debtor/Defendant

UNITED STATES BANKRUPTCY COURT

NORTHER DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>**JAMIE MACIAS-NGUYEN,**<br><br>Debtor. | Case No.: 17-52896 MEH 7<br><br>Adversary No.: 18-05019<br><br>Chapter 7<br><br>**ANSWER TO COMPLAINT** |
| **JASON BARNES**<br><br>Plaintiff,<br><br>v.<br><br>**JAMIE MACIAS-NGUYEN,**<br><br>Defendant. | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT**

Jamie Macias-Nguyen, the defendant herein, by and through Sagaria Law, P.C., Defendant's attorneys, answering the Complaint to Determine Dischargeability of a Debt,

1. Admit the allegations contained in paragraphs 2, 4, 6, 11, 45, 69 of said complaint.

2. Deny each and every allegation contained in paragraphs 5, 7, 12-14, 16-29, 43, 46-53, 56-60, 64-68, 71-74 79-80 of said Complaint.

3. Defendant does not have enough information available to her to accurately affirm or deny the allegations in paragraphs 1, 3, 9-10, 15, 30-42, 44, 61-63, 76 of Plaintiff's complaint.

4. Defendant admits the allegation in paragraph 8 to the extent the allegation is that Defendant was married. Plaintiff does not have enough information to confirm the other allegations therein.

5. Defendant admits the allegation in paragraph 70 to the extent plaintiff alleges Defendant produced a copy of a check. Plaintiff does not have enough information to confirm or deny the other allegations therein.

6. Defendant answers the allegations in the paragraphs incorporated by reference in paragraphs 75 and 78 as answered in the paragraphs above.

7. Defendant respectfully requests that the relief sought on in paragraphs 77, 81-82 of the Complaint be denied.

## *AFFIRMATIVE DEFENSES*

### First Affirmative Defense

### (Uncertainty)

As a first, separate, and affirmative defense to each and every cause of action alleged in the Complaint, Defendant allege that each of those causes of action is ambiguous and/or unintelligible.

### Second Affirmative Defense

### (Laches)

As a second, separate, and affirmative defense to each and every cause of action alleged in the Complaint, Defendant allege that each of those causes of action are barred by the equitable doctrine of laches due to Plaintiffs' acts and/or omissions.

### Third Affirmative Defense

### (Unclean Hands)

As an Third, separate, and affirmative defense to each and every cause of action alleged in the Complaint, Defendant allege that each of those causes of action are barred by the doctrine of unclean hands due to Plaintiffs' acts and/or omissions.

### Fourth Affirmative Defense

### (Excuse)

As an Fourth, separate, and affirmative defense to each and every cause of action alleged in the Complaint, Defendant allege that they are excused from performing any and all of their purported obligations arising from any agreement alleged in the Complaint.

### Fifth Affirmative Defense

### (Prevention of Performance)

As a fifth, separate, and affirmative defense to each and every cause of action alleged in the Complaint, Defendant allege that they have performed all of their obligations, if they had any, to Plaintiffs, except those obligations Defendant were prevented and/or excused from performing by the acts and/or omissions of Plaintiffs, other individuals, and/or entities whether or not named as parties in the above-captioned action.

### Sixth Affirmative Defense

### (Consent)

As an sixth, separate, and affirmative defense to each and every cause of action alleged in the Complaint, Defendant allege that Plaintiffs are barred from recovery because Plaintiffs consented, whether expressly or impliedly, to the acts and/or omissions of Defendant.

//

### Seventh Affirmative Defense

### (Accord and Satisfaction)

As a seventh, separate, and affirmative defense to each and every cause of action alleged in the Complaint, Defendant allege that each of those causes of action are barred by the doctrine of accord and satisfaction.

### Eighth Affirmative Defense

### (Contributory Negligence)

As a eighth, separate, and affirmative defense to each and every cause of action alleged in the Complaint, the relief sought by Plaintiffs is bared because any damages suffered by Plaintiff were proximately caused by Plaintiffs' conduct, acts or omissions.

### Ninth Affirmative Defense

### (Failure to State a Claim)

As a Ninth, separate, and affirmative defense to each and every cause of action alleged in the Complaint, Defendants allege that each of those causes of action fails to state facts sufficient to constitute any claim on which relief may be granted.

**WHEREFORE,** Defendant prays that Plaintiffs' request for relief be denied in its entirety. Defendant further prays that the debt remain dischargeable, Defendant be granted a discharge in the underlying bankruptcy case, and that Defendant shall be awarded attorneys' fees and costs to proof and have such other relief as this court deems just and proper.

Respectfully Submitted:
**SAGARIA LAW, P.C.**

Dated: October 23, 2018

/s/ Scott M. Johnson
Scott M. Johnson
Attorney for Debtor/Defendant